IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY | § | |
| A/N/F OF JANIE DOE | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | |
| SANTA ROSA INDEPENDENT SCHOOL | § | |
| DISTRICT; HERIBERTO VILLARREAL; | § | |
| JAIME GARCIA; JOSUE ARNOLD CEPEDA; | § | |
| AND ISAAC RUBEN FLORES. | § | |
|     Defendants. | § | |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JOHN DOE, Individually and a/n/f of JANIE DOE, a minor, (collectively "Plaintiffs") and files this Original Complaint alleging that the Santa Rosa Independent School District (hereinafter referred to as the "District" or "SRISD"), Mr. Heriberto Villarreal ("Superintendent"), Jaime Garcia ("Principal") Josue Arnold Cepeda, and Isaac Ruben Flores (collectively referred to as "Defendants" or "Co-Defendants"), violated the various rights of Plaintiffs as more specifically pled herein. Plaintiffs reserve the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support thereof Plaintiffs would respectfully show this Court the following:

## I.    INTRODUCTION

1. The Plaintiff, Janie Doe, is a student at Santa Rosa High School in the Santa Rosa Independent School District ("District" or "SRISD") and her father files this action on her behalf against the District, the Superintendent of the District, the Principal of Santa Rosa

High School, and the District employees Cepeda and Flores, for violations of Plaintiffs' civil rights as well as common and state law claims.

2. The Plaintiff Janie Doe was subjected to sexual harassment and abuse. Despite complaints to the Defendants, no reasonable or effective corrective or protective response was provided to the Plaintiffs. Defendants intentionally allowed and nurtured a sexually hostile educational environment in the District's schools. Defendants, under color of state law and with malicious intent, were deliberately indifferent to Plaintiff's rights under the Fourteenth Amendment to the United Stated Constitution, Title IX of the Education Amendments, and rights secured by the State of Texas common and statutory law.

## II.    JURISDICTION & VENUE

3. This Court has jurisdiction over the claims arising under the United States Constitution and federal statutes pursuant to 28 USC §§ 1331, 1343, 2201 and 2202.

4. Jurisdiction of this Court is further proper pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 to 188, and 42 U.S.C. § 1983.

5. This Court has pendent jurisdiction over claims arising under state law, as all Plaintiff's claims derive from a common nucleus of operative facts pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 USCA §1391.

## III.    PARTIES

7. Plaintiff Janie Doe, a minor, is a resident of Santa Rosa, Texas.

8. Plaintiff John Doe is the father of Plaintiff Janie Doe and resides in Cameron County, Texas.

9. Defendant Santa Rosa Independent School District is a public-school district and political subdivision of Texas, established, incorporated, organized, and operating pursuant to Texas

law as an independent school district.  Defendant District is a person within the meaning of 42 USCA § 1983.  Defendant District: (1) is an education program or activity receiving federal financial assistance within the meaning of Title IX, and (2) is an educational institution that has been at all relevant times responsible for providing the Plaintiff with a public education free from discrimination on the basis of race, sex, gender and sexual orientation.  Defendant District intentionally conferred authority on the other Defendants and/or allowed them to believe they had the authority to commit the actions and/or omissions described herein and/or held them out as having authority to act on the District's behalf and/or knowingly permitted them to hold themselves out as having authority. District may be served with process by serving the President of the School Board, Raul Garza, at 102 Jesus R. Cruz, Santa Rosa, Texas 78593 or wherever he may be found.

10. Defendant Mr. Heriberto Villarreal, was the Superintendent for the District in 2018. As Superintendent, he was responsible for the day-to-day operations of the District, for the development and implementation of policies and procedures, specifically those prohibiting sex-based discrimination and governing the reporting, investigation and correction of actions of sex-based discrimination and harassment, and he was responsible for supervising, hiring, training and discharging subordinate staff within the District to ensure that educational services are provided in a lawful manner in accordance with accepted professional judgment, practice and standards.  The Superintended was acting within the scope of authority delegated to him when he committed the actions and/or omissions described herein. The Superintendent's tortious actions and/or omissions were committed while acting in the scope of his employment. Defendant may be served with process by

serving him at 102 Jesus R. Cruz St., Santa Rosa, Texas 78593 or wherever he may be found.

11. Defendant Jaime Garcia is the Principal for the Santa Rosa High School.  As a vice-principal, the Principal is responsible for the day-to-day operations of the Santa Rosa High School, and for developing and implementing policies and procedures to prohibit sex-based harassment and discrimination and governing the reporting, investigation and correction of actions of sex-based discrimination and harassment; in addition, he must notify students who complain of sex-based harassment and discrimination about available complaint procedures, receives reports of sexual orientation and gender discrimination and harassment, investigates allegations, determines whether discrimination and harassment occurred, takes effective protective and corrective administrative actions when discrimination and harassment have occurred, supervises, hires, trains, and discharges subordinate staff within the District, and ensures that educational services are provided in a lawful manner in accordance with accepted professional judgment, practice and standards. The Principal was acting within the scope of authority delegated to him when he committed the actions and/or omissions described herein. The Principal's tortious actions and/or omissions were committed while acting in the scope of his employment. Defendant may be served with process at 102 Jesus R. Cruz St., Santa Rosa, Texas 78593 or wherever he may be found.

12. Defendant Josue Arnold Cepeda is, and at all times material hereto was, an individual working as the District's employee and agent. This action is brought against him, both individually and also in his official capacity. Defendant Cepeda's tortious actions and/or omissions were committed while acting in the scope of his employment. Defendant Cepeda

can be served with process at 20576 Hooks and Hodges Road, Santa Rosa, Texas 78593 or wherever he may be found.

13. Defendant Isaac Ruben Flores is, and at all times material hereto was, an individual working as the District's employee and agent. Defendant Flores' tortious actions and/or omissions were committed while acting in the scope of his employment. This action is brought against him, both individually and also in his official capacity. Defendant Flores can be served with process at 414 La Jara St., Santa Rosa, Texas, 78593 or wherever he may be found.

14. Each of Defendants were the authorized agents of each other co-Defendant and was acting within the course, scope and authority of such agency. Each Defendant, when acting as a principal, authorized, ratified or affirmed each act or omission of each other Defendant acting as an agent.

## IV.    STATEMENT OF FACTS:

### A. *About Plaintiff Janie Doe*

15. Plaintiff Janie Doe was born in Weslaco, Texas.  Janie Doe enjoys playing volleyball and engaging in school extracurricular and other social activities.

16. Santa Rosa, Texas is a small community environment, which Plaintiffs enjoyed prior to the incident, and was an integral part of Janie Doe's education and in ensuring her well-being and enjoyment of the community.

17. Plaintiff Janie Doe and her parents have sought to foster a positive environment and have instilled a deep appreciation for their community.  The acts complained of herein have alienated Plaintiffs from the community they were brought up in and in which roots were to be built.

## B. *Relationship and Environment*

18. In 2017, Defendant Josue Arnold Cepeda, age 35, began teaching criminal justice to the Santa Rosa High School's students.  He also coached boy's high school football and basketball. He was a teacher and a coach employed by the District to shape the minds of the young boys and girls of Santa Rosa High School. Defendant Cepeda used his position as an authority figure to develop inappropriate relationships with young girls.  He would regularly obtain information from innocent students and his own athletes with one objective: to pursue, coerce, and mislead young girls in order to develop inappropriate sexual relationships.

19. In the later part of Janie Doe's sophomore year, Defendant Cepeda used his position with the District to foster the relationship with his female students by consoling them on incidents that would occur and being "the shoulder to cry on".

20. Upon information and belief, the school counselor during Janie Doe's sophomore year discovered that sexually oriented activities were taking place in the school. Upon information and belief, the school counselor informed the District and requested for it to take action. The District knew the student involved was a child and they knew about the activities taking place in the Santa Rosa High School. Unfortunately for the young female student, the District did not undertake any investigation regarding the incident.  The District was complete indifferent to her wellbeing and it consciously chose not to take any action even though they knew or should have known the unlawful actions were taking place on the Santa Rosa High School's premises. The District made a decision not to investigate – or take any action whatsoever.  Upon information and belief, the actions of the District

prompted the staff members to leave the District. This is only one of the events that nurtured an environment that encouraged sexual harassment and deviant social behavior.

21. In the following year, Defendant Cepeda continued to foster his inappropriate relationship with Plaintiff and her female friends. Defendant Cepeda would watch them work out at the gym. He obtained their phone numbers and began text messaging them. Defendant Cepeda concocted a scheme to spend time alone with Plaintiff and her friends during school hours. He frequently told other teachers that Plaintiff and her friends needed to be excused from class. After they were excused from class, he would spend time with them unsupervised to develop his inappropriate relationships with them. Defendant Cepeda made those requests – and the other teachers approved them – even though the girls were not in Cepeda's class. In some cases, Defendant Cepeda's requests were condoned by other individuals that Defendant Cepeda was associated or otherwise acquainted with.

22. Defendant Isaac Ruben Flores, age 24, coached football with Defendant Cepeda. They were co-workers and friends. Defendant Flores was aware of Cepeda's deviant relationship with the young students and the District's indifference emboldened him to pursue the same type of deviant relationship. After Defendant Flores realized he could have inappropriate relationships with his students without rebuke from the District, he pursued Plaintiff Janie Doe.

23. In late 2018, concerned individuals reported the Defendants' inappropriate conduct at a party that involved Plaintiff and her friends. Upon information and belief, the incident resulted in staff members to leave the District. Unfortunately, the District chose to ignore the Defendants' conduct and they did not take any action. They did not investigate. They did ask either of the Defendants about it. The District's pattern of indifference continued.

24. In the months following the party, Defendants Flores and Cepeda continued to exploit Plaintiff and her classmate's age and innocence. The Defendants coerced them with drugs, alcohol, and parties in hotel rooms and the rural countryside of La Feria, Texas.

25. Between the end of 2018 and the beginning of 2019, the District and other Santa Rosa High School teachers discovered Defendants' aberrant conduct but chose not to take any action. In fact, Defendant Garcia is related to Defendant Cepeda. Like the District, Defendant Garcia consciously chose not to take any action after he discovered his relative's relationship with Janie Doe's classmate and Cepeda's attempts to use the school system to his advantage.

26. Eventually, Defendants Flores and Cepeda's relationships with Plaintiff and her classmate became sexual. Janie Doe and her female classmate eventually succumbed to Defendant Flores and Cepeda's sexual advances despite previous attempts to thwart them. Between late 2018 and March of 2019, Defendant Cepeda engaged in multiple instances of sexual intercourse with Janie Doe's classmate. During that same time, Defendant Flores likewise entered into an intimate relationship with Plaintiff on several occasions. These relationships would not have evolved so drastically if the District reacted appropriately to the warning signs.

27. The District's intentional inaction deterred some people, including teachers, from reporting Defendants' conduct, however, some individuals continued to express their concerns. Concerned individuals reported Defendants' conduct and relationships before the sexual intercourse occurred. To Janie Doe and her parents' dismay, the District ignored the reports and were indifferent to Defendants' predatory behavior and its students' wellbeing.

28. Upon information and belief, the District did not have adequate counseling/support staff to address Santa Rosa High School students' needs and concerns the school year of 2017-2018, specifically the Spring semester. Defendants' illicit activities because of the District's failure to address the prior counselor's concerns regarding these relationships. Thus, the children were placed in an environment where the unlawful activities were not only allowed, but seemingly encouraged, as people who reported the incident left the school because of the District's response; those involved in the incident were condoned; and those responsible for the safety of the children were indifferent.

29. Defendants Cepeda and Defendant Flores were allegedly suspended in February of 2019, by Interim Superintendent Yolanda Chapa.  Unfortunately, the District had already failed in multiple respects and caused a severe and long-lasting impact on the Plaintiffs and all others involved.

30. While the District failed to act, the State of Texas has since charged Defendant Flores with: 1) Two (2) Counts of Sexual Assault of a Child; 2) Improper Relationship between Educator/Student; and 3) Delivery of a Controlled Substance/Marijuana to a Minor.

31. Similarly, the State of Texas has since charged Defendant Cepeda with: 1) Six (6) Counts of Sexual Assault of a Child; and 2) Improper Relationship between Educator/Student.

32. The criminal investigation and proceedings do not, however, relieve the District of its duty under Title IX.

### C. *Policy, Deliberate Indifference, and Failure to Act*

33. The acts were reported to, and/or witnessed by, a variety of staff and administrators; however, no intervention or other appropriate action was taken.

34. Upon information and belief, Defendant Garcia was actively informing Defendant Cepeda about the statements made by the minors in the eventual "investigation". In fact, the District, Superintendent, and Principal interviewed the minor children without informing their parents.

35. The District failed to comply with Title IX regulations, jurisprudence, Office of Civil Rights Guidelines, and Texas law. Specifically, when a staff member receives a complaint from any person, that a student may have been a victim of bullying, harassment, or assault:

    a. First, the District has an absolute duty to tell the parents of any problem where their child could be the victim of bullying, harassment, assault or sexual assault;

    b. The complaint must be reduced to writing and given to the District's Title IX Coordinator, or their designee or Superintendent;

    c. They must investigate the allegations;

    d. The investigation requires that all witnesses be interviewed;

    e. That all statements be reduced to writing;

    f. That a written report be completed;

    g. It requires that the investigation be impartial;

    h. The family to be provided a copy of the final report;

    i. If the family is unhappy with the finding, they must be given information about the right to appeal the findings through the district's Internal grievance Policies; and

    j. In addition, the family is to be given information about filing a complaint with the Department of education's Office of Civil Rights.

36. The District also has a duty to provide an intervention for the victim based upon a constellation of all the facts.  For instance, the District may offer the student who was victimized any of the following:

    a.  Counseling;

    b.  Psychological testing;

    c.  Social skills training;

    d.  Self-advocacy training;

    e.  Referral to community resources;

    f.  A one-to-one paraprofessional to provide monitoring of the Victim;

    g.  A one-to-one paraprofessional to provide monitoring of the Perpetrator

    h.  An increase in supervision at "hot spots;"

    i.  Removal of the perpetrator from the same classes as the victim or even; and/or

    j.  Removal of the perpetrator from the same school as the victim.

37. Further, even after an investigation is completed, the District must have a system in place to assess how well or how poorly were the effectiveness of intervention provided, if any.

38. Upon information and belief Defendants made no meaningful effort to investigate or address the harassment, sexual assault, and the acts complained of and did not take any effective corrective or protective action. Defendants were deliberately indifferent to Plaintiffs' rights, her mental and physical health, the continuing nature of the offenses, and her need for adult intervention and protection.  As a result, a hostile education environment was effectively caused, encouraged, accepted, tolerated or left uncorrected by Defendants, and the perpetrators were emboldened and encouraged to continue their acts and misconducts.

39. Upon information and belief, other students in the District have suffered similar sex-based harassment, discrimination and violence by employees, aggravated by the complicity of District staff and administrators, thereby creating a culture of tolerance for severe, continuing, widespread and persistent sex-based discrimination and assault in the District's schools, affecting the District's educational programs and activities in a manner reasonably foreseeable and known by its highest officials.

40. The harassment, discrimination, and violence at the District created a hostile and abusive environment that substantially interfered with Plaintiff's education. Plaintiff's ability to participate in and benefit from District programs and activities has been severely and irreparably impaired.

41. The District responded to complaints over the years with deliberate indifference, taking only ineffective measures to respond, in a manner clearly unreasonable in light of the known circumstances, exacerbating the harassment and condition, increasing the risk of future harm to Plaintiff and compounding her injuries.

42. Upon information and belief, all Defendants knew of the clearly established rights of students to an educational environment free from hostile and abusive sexual harassment, discrimination and violence, and knew about the District's duty to effectively correct sexual harassment, discrimination, violence and retaliation in its schools.

43. The Defendants' actions and failures to act were intentional, deliberate, and undertaken with malice and bad faith.

44. The Defendants failed to properly train and supervise administrators and staff in the enforcement of Plaintiff's constitutional and statutory rights to be free from sexual discrimination, harassment, and violence.

45. The Defendants actively participated in the sexual harassment and acts suffered by Plaintiff. The District failed to follow all the various requirements noted above.

46. No Defendant took the necessary disciplinary actions against the employees who were involved in the incident with the Plaintiff Janie Doe and others similarly situated. No Defendant advised the Plaintiffs regarding the Title IX Student/Grievance Procedure. No Defendant informed the Plaintiffs about the ongoing allegations. As a result of these failures, Plaintiff Janie Doe's right to a non-hostile environment at school was denied.

### D. Damages

47. Plaintiff Janie Doe has suffered, and will continue to suffer, health issues, including but not limited to, depression, fear, anxieties, inability to function normally in social situations, both in her relationships with adults and her peers. As a result of these problems, Plaintiff has undergone medical and psychological treatment and incurred medical expenses, all to her detriment.

48. As a result of the sex-based harassment, discrimination and assaults that took place at the Santa Rosa High School, and the District's refusal to take effective remedial measures even after the abuse had been reported, Plaintiff Janie Doe became depressed and demoralized, had difficulty concentrating, and her participation in school declined. She has refused to go to school at times and became so ill and overwhelmed that she refused other healthy activities, causing stress with her parents.

49. As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered injuries and damages, which they may seek compensation for, all within the jurisdictional limits of this Court, including but not limited to the following:

   a.   Hostile educational environment;

   b.   Deprivation of equal access to educational opportunities;

   c.   Deprivation of non-educational opportunities at the school;

   d.   Aggravation of any pre-existing condition;

   e.   Past and future mental anguish;

   f.   Loss of opportunity;

   g.   Loss of companionship;

   h.   Past and future medical expenses;

   i.   Injury to reputation;

   j.   Parental out-of-pocket expenses; and

   k.   Parental wages lost or affected due to expending time and energies attending to these incidents.

50. By reasons of the above, the subject of this lawsuit, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## V.    CONSTITUTIONAL/CIVIL RIGHTS

51. Plaintiffs reallege and incorporate by reference the above paragraphs.

52. Based on Defendants' conduct as alleged above, Defendants, on multiple occasions and while acting under color of state law, intentionally and deliberately deprived Plaintiff of her civil rights guaranteed by the Fourteenth Amendment to the United States Constitution, by depriving her of liberty and property without due process of law, and by denying her the equal protection of the laws. As a direct and proximate result of Defendants' acts and omissions, Plaintiff was injured and suffered damages.

53. Defendants, while acting under the color of state law, intentionally and deliberately deprived Plaintiff of her rights guaranteed by Title IX, in that Defendants participated in the creation, maintenance, and expansion of a hostile educational environment.

54. Defendants' failures to adequately report and investigate allegations of violence, harassment and discrimination, and their failure to respond with effective corrective and protective measures, is not substantially or rationally related to any compelling or legitimate governmental purpose.

55. Defendants' conduct shocks the conscience of reasonable persons and is intolerable in a civilized community or in a school district charged with effectively responding to incidents of sex-based harassment, discrimination, and violence.

56. Plaintiffs brings this lawsuit pursuant to 42 U.S.C.A. §1983. The Defendants' systematic and continuous intentional misconduct occurred under color of state law. Defendant Principal and Superintendent, knew about complaints regarding the students and about the failure to effectively respond by the High School. The actions of sexual harassment and discrimination, as well as deliberate disregard of the complaints by all Defendants, substantially interfered with Plaintiff Janie Doe's education, deprived her of her right to an education equal to that of her peers, and deprived her of equal protection and due process as a female student, as guaranteed by 42 U.S.C.A. §1983, and secured to Plaintiff under the Fourteenth Amendment to the United States Constitution and Title IX. This conduct gives rise to a claim for relief pursuant to 42 U.S.C.A. §1983 for declaratory and injunctive relief, for compensatory damages, including pain and suffering, against the Defendants in an amount not less than $10,000,000.00 and for punitive damages in amounts to be proved at trial.

57. Defendants are liable to Plaintiffs based on their knowledge of, deliberate indifference to, and tacit approval of the harassment, discrimination, violence, and retaliation endured by the Plaintiff, and their failure to effectively and reasonably respond to complaints, based in part on their failure to train and supervise subordinate employees, including all of the educational professionals who witnessed or to whom the complaints were reported.

58. The District is liable for the discriminatory conduct of its students after notice and a reasonable opportunity to correct the conditions of a hostile educational environment, and for the discriminatory enforcement of federal and state law, as well as District policy, by all Defendants.

59. As a proximate result of Defendants' discrimination, Plaintiff has been denied her right of equal access to a public education, she has suffered severe humiliation, anguish, pain, suffering, physical illness and damage to her good name and reputation, as well as other incidental and consequential damages and expenses, plus costs and attorney's fees, all to Plaintiff's damage in amounts to be proved at trial.

## VI.    TITLE IX

60. Plaintiffs reallege and incorporate by reference the above paragraphs.

61. At all relevant times, Plaintiff Janie Doe was an individual entitled to the protections set forth in Title IX against discrimination in the education environment on the basis of her sex.

62. At all relevant times, the District was an educational agency within the meaning of Title IX and was prohibited from discriminating directly or failing to correct discrimination in the public education environment on the basis of sex.

63. Plaintiff Janie Doe was discriminated against by the District on the basis of her sex and gender in violation of Title IX, in that the District, by its conduct, failed to effectively address and correct the sex-based harassment and acts visited upon Plaintiff Janie Doe by the District's employees, which failure had the effect of encouraging such harassment and acts, resulting in the creation of a hostile educational environment, thereby depriving Plaintiff of equal access to a public education.

64. This course of conduct was outrageous, done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff Janie Doe, was done with an improper motive amounting to malice by the individual actions of District representatives, agents and employees, thereby depriving Plaintiff Janie Doe of equal access to a public education, and causing her and her family significant damages.

65. As a proximate result of Defendants' discrimination, Plaintiff Janie Doe has been denied her right of equal access to a public education, she has suffered severe humiliation, anguish, pain, suffering, physical illness and damage to her good name and reputation, as well as other incidental and consequential damages and expenses, plus costs and attorney's fees, all to Plaintiffs' damage in amounts to be proved at trial.

66. As a result of the discriminatory conduct and actions of Defendants, Plaintiff Janie Doe has no effective, adequate, or complete remedy at law; Defendants continue to engage in the wrongful practices alleged in this Complaint, including failure to implement federal and state law as well as its own policy prohibiting sex-based harassment, discrimination and violence, and engaging in effective resolution of such complaints. Plaintiffs seek injunctive relief against Defendants requiring appropriate training and supervision of administrators and staff regarding proper reporting, investigation, and effective resolution

of complaints of sex-based harassment, discrimination and violence so that other students do not suffer similar harm in the future.

## VII.    NEGLIGENCE/GROSS NEGLIGENCE

67. Plaintiffs reallege and incorporate by reference the paragraphs above.

68. Defendants owed Plaintiffs a legal duty not to harm Plaintiff Janie Doe and to protect her from reasonably foreseeable harm by other students and educators.

69. Based on the conduct as alleged in this Complaint, Defendants, on multiple occasions, breached their duty to the Plaintiffs and were negligent in their care and treatment of Plaintiffs, including, but not limited to, the hiring, training, and supervising of competent employees.

70. The breach caused damages to the Plaintiffs.

71. Defendants acts and/or omissions constituted gross negligence.  These acts and/or omissions were representative of conscious indifference to the welfare of the Plaintiff Janie Doe, and as such, she seeks recovery of exemplary damages against Defendants, by way of example and of punishment in order to discourage future misconduct by those similarly situated to the Defendants.

## VIII.    RESPONDEAT SUPERIOR & RATIFICATION

72. Plaintiffs reallege and incorporate by reference the paragraphs above.

73. The District ratified the acts and omissions of its employees, staff, and representatives.

74. At all times when the employees of the Academy committed the bad acts set forth and described herein, such employees were acting as representatives of the District.

75. The District is responsible for the acts and omissions of its employees, staff, and representatives pursuant to the theory of Respondeat Superior.

76. The District ratified the acts, omissions and customs of the all school administrators, educators, personnel, staff and agents.  As a result, the Defendant is responsible for the acts and omissions of all school administrators, educators, personnel, staff and agents.

### IX.    PROXIMATE CAUSE

77.  Plaintiffs reallege and incorporate by reference the paragraphs above.

78. Each and every, all and singular of the foregoing acts and omission, on the part of the District, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages experienced by Plaintiffs, as set forth herein.

### X.    ATTORNEYS' FEES

79. Plaintiffs reallege and incorporate by reference the paragraphs above.

80. It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit.  Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to Title IX and 42 USC § 2000d et seq. as well otherwise authorized by law and in equity.

### XI.    JURY DEMAND

81. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

### XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief and asks that the Court:

a.   Award the Plaintiff declaratory relief;

b.   Award the Plaintiff injunctive relief;

c.   Award the Plaintiff compensatory damages against all Defendants under each claim stated above in an appropriate amount;

d.   Award the Plaintiff punitive damages against all Defendants under each claim stated above in an appropriate amount;

e.   Order Defendants to provide adequate training and supervision of all staff and students regarding the duties of the school to effectively correct harassment, discrimination, violence and retaliation; and

f.   Award such further relief as the Court deems just and proper.

Respectfully Submitted,

**MBMT LAW FIRM**
1201 East Van Buren
Brownsville, Texas 78520
Tel:  956-550-4868
Fax:  956-621-0135

By: /s/ Tomas F. Tijerina
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: tomas@mbymlaw.com
BENIGNO (TREY) MARTINEZ
State Bar No.  00797011
Federal ID No. 23945
E-mail: trey@mbymlaw.com
EDUARDO (WAYO) ORTIZ
State Bar No. 24092926
Federal ID No. 2513910
E-mail: eduardo@mbymlaw.com

**GARZA & ELIZONDO, LLP**
680 E. St. Charles St., Ste. 600
Brownsville, Texas 78520
Telephone: 956-544-5077
Facsimile: 956-542-4016

/s/ Reynaldo "Trey" Garza
Reynaldo "Trey" Garza
State Bar No. 24008806
Federal ID No. 23747
reynaldo@rggarzalaw.com

Gustavo Elizondo
State Bar No. 24086827
Federal ID No. 2789544
gustavo@rggarzalaw.com