IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANIE DOE<br>  *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 1:20-cv-00001 |
| SANTA ROSA INDEPENDENT SCHOOL DISTRICT, HERIBERTO VILLARREAL, JAIME GARCIA, JOSUE ARNOLD CEPEDA, and ISAAC RUBEN FLORES<br>  *Defendants*. | § § § § § § | |

**DEFENDANTS HERIBERTO VILLARREAL AND JAIME GARCIA'S UNOPPOSED JOINT MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Comes now HERIBERTO VILLARREAL and JAIME GARCIA, two of the defendants herein, and file this Unopposed Joint Motion for Final Judgment under Federal Rule of Civil Procedure 54(b).

**I.
BACKGROUND**

This is a case brought against numerous defendants, including Heriberto Villarreal and Jaime Garcia. On September 21, 2020, the Court granted Heriberto Villarreal and Jaime Garcia's Motions to Dismiss all claims made by Plaintiffs against them with prejudice. Plaintiffs' claims against other defendants are still pending before this Court. Heriberto Villarreal and Jaime Garcia assert that this Honorable Court should grant this motion and allow the judgment in favor of Heriberto Villarreal and Jaime Garcia to become final.

**II.
MOTION FOR ENTRY OF JUDGMENT**

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when

multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A district court must make two determinations in deciding to certify a judgment under Rule 54(b). *Johnston v. Dexel*, No. CV H-16-3215, 2018 WL 4701546 (S.D. Tex. Oct. 1, 2018) (citing *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). First, the Court must find that "it is dealing with a final judgment," meaning that "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the court must find no "just reason for delay," considering the "judicial administrative interests as well as the equities involved." *Id.* (quoting *Curtiss*, 446 U.S. at 8). Because of the interest in avoiding "piecemeal appeals," the district court must consider whether an "appellate court would have to decide the same issues more than once if there were subsequent appeals." *Johnston v. Dexel*, No. CV H-16-3215, 2018 WL 4701546, at *1 (S.D. Tex. Oct. 1, 2018); *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting Curtiss, 446 U.S. at 8).

### III.
### THE COURT IS DEALING WITH A FINAL JUDGMENT

Plaintiffs' claims allege discrete actions against Heriberto Villarreal and Jaime Garcia. Plaintiffs' only allegations against Heriberto Villarreal and Jaime Garcia are raised under 42 U.S.C. § 1983. The Memorandum and Opinion entered by the Court on September 21, 2020 indicated that Plaintiffs' claims were dismissed "with prejudice" and did not grant Plaintiffs the right to file any amended pleadings.

Based on the language of the Court's order, Heriberto Villarreal and Jaime Garcia assert that the Memorandum and Opinion is a final judgment with respect to the Plaintiffs' claims against them.

2

The judgment in favor of Heriberto Villarreal and Jaime Garcia should be expressly made final because "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (quoting *Curtiss*, 446 U.S. at 7).

## IV.
## NO JUST REASON FOR DELAY

Heriberto Villarreal and Jaime Garcia assert that there is no just reason for delay. Certifying this ruling from the September 21, 2020 Memorandum and Opinion does not risk piecemeal appeals because the dismissal arose from the Plaintiffs' failure to allege facts. The September 21, 2020 Memorandum and Opinion dismissing the § 1983 claims against Heriberto Villarreal and Jaime Garcia was based on a ruling that the Plaintiffs did not plead facts sufficient to show that Heriberto Villarreal or Jaime Garcia deprived Plaintiffs of a Fourteenth Amendment substantive due process right for § 1983 purposes.

Should Plaintiffs raise the issue on appeal, all affected parties would have a chance to argue it. *See Skinner v. W. T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981) ("[C]ertification should be allowed if the issues decided on ... appeal are not likely to be raised by another party in a subsequent appeal and an early determination is not likely to prejudice that party's rights."). An appellate court would not have to decide this issue more than once in subsequent appeals, because it only deals with the pleadings related to two individual parties and not all defendants. If Plaintiffs were to appeal an order that the September 21, 2020 Memorandum and Opinion is a final judgment as it relates to Heriberto Villarreal and Jaime Garcia, the result of such appeal would amount to "law of the case" and apply to the entire matter before the Court. "The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.'" *United States v. Castillo,* 179 F.3d 321, 326

3

(5th Cir.1999) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). Therefore, "an issue of ... law decided on appeal may not be reexamined by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Lee,* 358 F.3d 315, 320 (5th Cir. 2004) (citation and internal quotation marks omitted). Conversely, an issue that is not expressly or implicitly decided on appeal does not become part of the law of the case. *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.,* 272 F.3d 276, 279 (5th Cir. 2001) ( "[U]nlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not.") (citation omitted).  If Plaintiffs' counsel does appeal, the issue will be determined once by the 5th Circuit with respect only to defendants affected and will not have to be re-examined.  As such, there is no just reason for delay.

## **PRAYER**

Defendants HERIBERTO VILLARREAL and JAIME GARCIA respectfully pray that this Court grant final judgment dismissing Plaintiffs' claims against HERIBERTO VILLARREAL and JAIME GARCIA, and for such other and further relief, general or special, in law or in equity to which Heriberto Villarreal and Jaime Garcia show themselves entitled.  A proposed order granting final judgment is filed contemporaneously with this motion.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: _/s/ James E. Byrom_

James E. Byrom
Texas Bar No. 03568100
Telephone: (713) 333-6144
Facsimile:  (713) 583-7698
jbyrom@thompsonhorton.com
Stephanie A. Hamm
Texas Bar No. 24069841
Telephone: (713) 554-6714
Facsimile:  (713) 583-9611
shamm@thompsonhorton.com

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554

**COUNSEL FOR JAIME GARCIA**

**ROGERS, MORRIS & GROVER, L.L.P.**

*/s/ Jonathan Brush- signed by permission*
JONATHAN G. BRUSH
State Bar No. 24045576
Federal I.D. No. 619970
jbrush@rmgllp.com
ALEXA GOULD
State Bar No. 24109940
Federal I.D. No. 3323275
agould@rmgllp.com
Rogers, Morris & Grover, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:   713/960-6000
Facsimile:    713/960-6025

**COUNSEL FOR HERIBERTO VILLARREAL**

5

**CERTIFICATE OF CONFERENCE**

The undersigned counsel has conferred with counsel for all parties and they had indicated that they do not oppose this motion.

_____
James Byrom

**CERTIFICATE OF SERVICE**

On September 24, 2020, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: _____
James Byrom